United States District Court
Southern District of Texas
**ENTERED**
February 15, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| A.P. MOLLER MAERSK A/S, TRADING AS §<br>MAERSK LINE, *et al*, §<br> §<br> Plaintiffs, §<br>VS. §<br> §<br>SAMRAT CONTAINER LINES, INC., §<br> §<br> Defendant. §<br> | CIVIL ACTION NO. 4:16-CV-1565 |

## ORDER

Before the Court is Defendant Samrat's Motion to Dismiss (Doc. #7), Plaintiffs' Response (Doc. #10), and Defendant's Reply (Doc. #13).  Additionally pending before the Court is Plaintiffs' Motion to Continue Defendant's Motion to Dismiss Pending Jurisdictional Discovery (Doc. #11), and Defendant's Response (Doc. #12).  Having considered the arguments and the applicable law, this case is transferred to the United States District Court for the Southern District of New York.[1]

All parties acknowledge that this case is subject to a binding forum-selection clause granting the "United States Federal Court of the Southern District of New York . . . exclusive jurisdiction."  Doc. #7, Ex. A.  Defendant asserts that this clause gives exclusive venue to the

---

[1] Accordingly, Samrat's Motion to Dismiss (Doc. #7) and Plaintiffs' Motion to Continue Defendant's Motion to Dismiss Pending Jurisdictional Discovery (Doc. #11) are DENIED as moot.  In regards to jurisdiction over Defendant for purposes of this Court's ability to transfer venue, the Court  finds that Defendant waived objection to jurisdiction through its filing of an opposed Motion to Consolidate (Doc. #5) without first or simultaneously objecting to jurisdiction.  See *Cactus Pipe & Supply Co. v. M/V Montmartre*, 756 F.2d 1103, 1108 (5th Cir. 1985) (*citing Grammenos v. Lemos,* 457 F.2d 1067, 1070 (2d Cir.1972)) (if a party enters a case and fails to object to jurisdiction, and requests the court to do some affirmative act on its behalf in some substantive way, the party will be held to have waived further objection).

United States District Court for the Southern District of New York.[2]  This Court agrees.  *See Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 581, 187 L. Ed. 2d 487 (2013) ("Because the overarching consideration under § 1404(a) is whether a transfer would promote the interest of justice, a valid forum-selection clause should be given controlling weight in all but the most exceptional cases").  Plaintiffs have not identified any exceptional circumstances to justify not giving the forum-selection clause controlling weight, as dictated by the Supreme Court.

Instead, Plaintiffs rely on two arguments.  First, Plaintiffs argue that venue in the Southern District of Texas was agreed to by the Defendant in a May 13, 2016 email between the parties.  Second, Plaintiffs argue that enforcement of the forum-selection clause has been waived by Defendant.  The Court rejects both arguments.  In regards to the argument that venue was agreed to by the Defendant, the Court sees no such agreement in the May 13, 2016 email.  Doc. #10, Ex. 2. In the email, the parties agree to add the claims now pending in this lawsuit to an already pending action in the Southern District of Texas.  *Id.*  The Plaintiffs chose not to pursue such an action, and instead filed a separate cause of action in this Court.  Accordingly, the May 13, 2016 email is not relevant to the current venue dispute.

In regards to the waiver argument, Plaintiffs fail to identify any actions by Defendant constituting such a waiver.  The Fifth Circuit has recognized two possible standards for determining whether a party has waived a valid forum-selection clause. *SGIC Strategic Glob. Inv. Capital, Inc. v. Burger King Europe GmbH*, 839 F.3d 422, 426 (5th Cir. 2016). First, the

---

[2] Though Defendant moves for dismissal based on the forum-selection clause, in the interest of judicial economy, the Court construes Defendant's Motion as a motion to transfer venue— transfer, not dismissal, is appropriate in such a situation. *See Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 577-81, 187 L. Ed. 2d 487 (2013).

Fifth Circuit recognizes a line of authority that applies a traditional waiver standard to forum-selection clauses—such a waiver requires: "(1) an existing right, benefit, or advantage; (2) actual or constructive knowledge of its existence; and (3) actual intent to relinquish that right." *Id* (citation omitted). Second, the Fifth Circuit also recognizes a line of authority which applies the standard used to assess waiver of arbitration clauses to forum-selection clauses—such a waiver occurs when a party to the forum-selection "(1) substantially invokes the judicial process [in derogation of the forum-selection clause] and (2) thereby causes detriment or prejudice to the other party." *Id* at 426-27 (citations omitted). Plaintiffs fail to show waiver under either standard. Under the traditional waiver standard, Plaintiffs fail to identify any action showing actual intent by Defendant to relinquish its rights under the forum selection clause. Under the arbitration clause standard, Plaintiffs fail to show any detriment or prejudice caused by Defendant filing its denied Motion to Consolidate (Doc. #5)—the only action taken by Defendant that could arguably be construed as invoking the judicial process in this case. As Plaintiffs have acknowledged the applicability of the forum-selection clause, and failed to show waiver of said clause, the Court finds that transfer of this case pursuant to the forum-selection clause is appropriate.

The case is hereby transferred to the United States District Court for the Southern District of New York.

It is so ORDERED.

FEB 1 4 2017
_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge